**STEPHENS v AKRON (city)**

Ohio Appeals, 9th Dist, Summit Co

No 3021. Decided June 15, 1938.

Finkle, McChesney & Sanderson, Akron, for appellee.

Wade DeWoody, Akron, and Harold L. Mull, Akron, for appellant.

ROSS, PJ, and HAMILTON, J, (1st Dist) and HORNBECK, J, (2nd Dist) sitting by designation.

## OPINION

By HAMILTON, J.

The plaintiff, Paul Stephens, appellee in this court, filed an action in the court of Common Pleas of Summit county against the City of Akron, appellant here, seeking to recover for loss of services of his wife, due to an injury to her, claimed to have been occasioned by the fault of the defendant, the City of Akron.

It is alleged in the petition that the approach to a bridge on Copley Road in said City of Akron was dangerous and unsafe and constituted a nuisance, in that the westerly approach to the bridge had been permitted to settle, causing a bump at the bridge; that the automobile, in which plain-

tiff's wife was a guest rider, in passing over this bump, bounced and threw the wife of plaintiff against the top of the automobile, causing serious injuries to her, which are set forth in the petition.

The City in its answer denied generally the allegations of the petition, and followed this denial by the admissions of the municipal organization and that Copley Road was a thoroughfare in the City of Akron, also that at the point alleged that Copley Road crosses a small stream by means of a bridge.

At the outset, it must be stated, that any liability of the City in this case must be grounded upon an obligation under the statute, §3714 GC, the pertinent part of which places upon the municipal corporation the duty to care for its streets and "shall cause them to be kept open, in repair, and free from nuisance."

There is no liability for negligence on the part of the municipality under the common law, and any responsibility in this case would have to be found under §3714 GC.

An examination of the record discloses that there was a rise in the approach to the bridge of approximately one foot and a half rise in twenty feet. The approach was the full width of the road and the rise was gradual, and there was no defect in the travelled way, nor was there any blocking thereof. It was a much-used road for automobile travel.

So that the question of keeping the street open and in repair is eliminated from the case, leaving the sole question as to whether or not such an approach, as briefly described, would constitute a nuisance in the street.

It is difficult to consider the evidence in such a way as would reasonably present a nuisance situation.

The City of Akron offered no evidence in the case, and now presents as a specification of error and argues the proposition that the verdict and judgment are manifestly against the weight of the evidence. It is difficult to understand how the court can dispose of the matter on the question of the weight of the evidence, in view of the fact that the City offered no evidence. If the plaintiff's evidence failed to meet the requirement of making out a case, then the court should have directed a verdict for the defendant. Such a motion was made and overruled. Exception was noted, but this is not made a point of error in the assignment of errors.

Two questions of error are presented and argued in the brief. They are: That the verdict and judgment are manifestly against the weight of the evidence, and error of the court in charging the jury on the question of negligence.

In this situation, it may be there are some inferences in the plaintiff's evidence, which, as above stated, is all the evidence in the case, that would justify submitting the case to the jury. It is equally clear that from the record, their finding is manifestly against the weight of the evidence.

However, we will not base a reversal on the question of the evidence, since the error in the charge of the court requires such reversal.

Bearing in mind that the liability must be found to exist under the statute, we find the court, after reading the pleadings to the jury charged:

"In order to recover, the plaintiff must prove by a preponderance of the evidence that the City was negligent in one or more of the particulars claimed in plaintiff's petition, and that it failed to maintain Copley Road at the time and place, and in the manner complained of in a reasonably safe condition for travel thereon in the usual mode, and that said negligent act or acts proven were the proximate cause of the accident and injury as claimed by plaintiff."

The court further charged:

"The plaintiff must also prove by a preponderance of the evidence that the City had either actual notice or constructive notice of the unsafe condition or defect in Copley Road complained of, if you find that such condition did exist, and that notice or knowledge was brought to the City actually or constructively so that by the exercise of ordinary care it had sufficient time in which to take steps to protect the public from the same. Failure to exercise ordinary care in this respect would be negligence."

The question of notice was not in the case, since the road was open and in repair. The only question was, did the approach to the bridge as constructed, constitute a nuisance. If so, and if it was shown that this was the proximate cause of the injury to the plaintiff's wife, plaintiff would be entitled to recover.

Further in the charge, the court emphasizes the common law rule of negligence, all of

which was misleading to the jury, and constituted error, prejudicial to the defendant.

While it is true, the court stated in another place in the charge that the only duty upon the City pertinent to the case was the duty to keep Copley Road at the time and place in question in a reasonably safe condition and free from nuisance, the court charged in that connection that any defect in the street was a nuisance. This was too broad a statement, as there may be defects which would not be nuisances. We know of no all-inclusive, comprehensve legal definition of the word "nuisance." In the notes in "Words and Phrases" under the head of "Nuisance," it is stated: "Any permanent obstruction (or fault) in the street which materially impedes travel is a nuisance, per se." If we add to this the words "or fault," as above indicated, it would be a sufficient presentation of the law to the jury, who must in the last analysis determine whether the existing conditions, as appears from the evidence, constitute a nuisance.

In this connection, the court should charge the jury that the law exacts from the municipality only what is practicable and reasonable in keeping its streets open, in repair, and free from nuisance. It is not an insurer against accident and injury.

It may be that taking the charge as a whole the court did in a way call the jury's attention to these rules, but the statements are so intermingled with the common law rules of negligence that they would tend to mislead and confuse the jury.

For error in the charge, as pointed out, the judgment will be reversed, and the cause remanded for a new trial.

ROSS, PJ, and HORNBECK, J, concur.